IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**James Edward Thomas II**,

    Petitioner,

v.

**Charles Williams, Warden,**

    Respondent.

**Civil No.: 1:16cv45
(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* Petitioner **James Edward Thomas II** 's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and Respondent's Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgement and Response to Order to Show Cause. ECF Nos. 1, 8, and 9.

### I. Procedural History

On March 21, 2016, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. On March 22, 2016, Petitioner was sent a Notice of General Guidelines for Appearing *Pro Se* in Federal Court. ECF No. 2. On March 22, 2016, Petitioner was sent a Notice of Deficient Pleading because Petitioner failed to either (1) pay the filing fee or (2) file the correct forms to be considered *in forma pauperis*. ECF No. 3. On March 28, 2016, the $5.00 Habeas Corpus Filing Fee was entered, satisfying

1

the requirements of the Notice of Deficient Pleading. ECF No. 5. On March 29, 2016, the undersigned ordered Respondent to show cause as to why the writ should not be granted. ECF No. 6. On April 8, 2016, Respondent answered with a Motion to Dismiss or, in the Alternative, for Summary Judgement and Response to Order to Show Cause and Memorandum in Support of Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause. ECF Nos. 8 and 9. A Roseboro Notice was issued to the Petitioner by the undersigned on April 11, 2016, pursuant to Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975), instructing Petitioner of his rights to file a response to Respondent's Motion and Memorandum. ECF No. 10. Petitioner did not file a reply.

## II. Facts

On April 15, 2014, Petitioner was arrested by local authorities in Saginaw, Michigan on a state warrant for possession of marijuana. ECF No. 9 at 2. At the time of Petitioner's arrest, he was in possession of heroin. Id. On April 17, 2014, Petitioner was temporarily taken into federal custody by the United States Marshals Service on a federal writ of habeas corpus ad prosequendum (hereinafter "WHCAP"). ECF No. 9-1 at 6. On May 14, 2014, Petitioner was charged in a one count indictment for Possession with Intent to Distribute Heroin. See ECF No. 9, 1:14cr20279. Eastern District of Michigan. On June 2, 2014, Petitioner was sentenced by 70th Judicial Circuit of the State of Michigan to 90 days in jail, with credit for 48 days previously served. Petitioner was also sentenced to be confined in jail (in addition to any other jail term imposed) until fines and costs were paid, but the term was not to exceed 365 days. ECF No. 9-1 at 9. On March 5, 2015, Petitioner's state sentence expired. ECF No. 9-1 at 6. However, on

the same day, March 5, 2015, Petitioner was sentenced in the United States District Court for the Eastern District of Michigan to a 24 month term of imprisonment for Possession with Intent to Distribute Heroin, with three years of supervised release to follow. ECF No. 9-1 at 20-21. Petitioner's federal sentence commenced on the date it was imposed, March 5, 2015. ECF No. 9-1 at 25. Petitioner's current projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is November 30, 2016. ECF The Bureau of Prisons has made the following sentence calculation:

> Because Petitioner was serving his state sentence during the time period beginning April 15, 2014, the date he was arrested by state authorities, through March 5, 2015, the date he was released by the state in satisfaction of his state sentences and the date of his federal sentence was imposed and commenced, Petitioner is not entitled to any prior custody credit against his federal sentence.

ECF No. 9-1 at 3.

### III. The Pleadings

**A. The Petition**

Petitioner makes the following claim in his petition: "I was sentenced Federally without any credit for the time spent in jail, because of a previous state case sentence. The state sentence was ordered to be ran [sic] concurrent with any Federal prison time." (ECF No. 1). Petitioner also claims the following in his petition: "Federal Bureau of Prison (FBOP) computated [sic] my time in jail as States [sic] custody, without considering the judgement of my State sentence to be ran [sic] concurrent." Id. In relation to whether the Petitioner presented his claim to the Bureau of Prisons or other federal agency for administrative action, the Petitioner checked the "Yes" box and stated, "I exhausted the Admin Remedy Process (BP-8, 9, 10, 11). Addressing the

3

Counselor, Warden, Regional Office, and finally the Central Office in Washington, D.C.; the final denial." Id. Petitioner asked for relief as to the following: "I would like for the Courts to Credit me Jail Time from 4/5/14 thru [sic] 3/5/15, towards my Federal Prison Sentence. Taking my state sentence Order into consideration would correct the error in my Computated [sic] Time Credits." Id.

**B. Respondent's Motion and Memorandum**

Respondent filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment and Response to Order to Show Cause. (ECF No. 8). Respondent also filed a Memorandum in Support of the Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause. (ECF No. 9). In the Memorandum in Support of the Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause the Respondent makes two arguments. Id.

First, Respondent argues that the Petitioner's federal sentence commenced on March 5, 2015. Id. The crux of the Respondent's first argument is that the defendant was in the primary custody of the State of Michigan. See Id. Respondent points to 18 U.S.C. § 3585(a) which states: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Respondent recognizes that the phrase "received in custody" is important to the interpretation of 18 U.S.C. § 3585(a). See Id. Respondent further recognizes that the phrase "received in custody" is important when a prisoner is facing both state and federal charges. See Id. Respondent points to United

4

States v. Smith to help clarify what "received in custody" means regarding when a prison is facing both state and federal charges:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that **the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him,** . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting In re Liberatore, 574 F. 2d 78 (2d Cir. 1978)). Respondent maintains that "[p]rimary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges . . . or satisfaction of the sentence." See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996) (citing United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)." (ECF No. 9). A writ of habeas corpus ad prosequendum does not relinquish a sovereign's primary jurisdiction. See U.S. v. Evans, 159 F.3d 908, 912 (4th Cir.) (citing Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir. 1992). Respondent concludes by stating that when the Petitioner was arrested on April 14 [sic], 2014[1] by state authorities, the state had primary jurisdiction when he was borrowed on a writ of habeas corpus ad prosequendum, and therefore the state maintained primary jurisdiction over the Petitioner until the Petitioner's state sentence was satisfied and he was sentenced federally on March, 5, 2015. (ECF No. 9).

Second, Respondent argues that the Petitioner is not entitled to prior custody credit. (ECF No. 9). In support of Respondent's argument, Respondent points to 18 U.S.C. § 3585(b) which states:

---

[1] The Court recognizes that there is a typographical error on the part of the Respondent and that the Respondent meant to state April 15, 2014 as the date of the defendant's arrest.

5

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

18 U.S.C. 3585(b) (emphasis added).

Respondent then follows by citing cases regarding 18 U.S.C. § 3585(b). (ECF No. 12.) The Respondent first cites <u>United States v. Wilson</u>, which found, "Congress made clear that a defendant could not receive a double credit for his detention time." <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992). Respondent next cites, among other cases, <u>McClain v. Bureau of Prisons</u>, which sets out that 18 U.S.C. § 3585 is intended to prevent double credit for detention served before a federal sentence actually begins. <u>McClain v. Bureau of Prisons</u>, 9 F.3d 503, 504 (6th Cir. 1993).

Respondent concludes the argument by finding that the Petitioner's federal sentence commenced on March 5, 2015, which is also the same day which Petitioner satisfied his state sentence. (ECF No. 9). Respondent further concludes that all the time Petitioner spent in custody prior to the imposition of his federal sentence was spent serving the state sentence and; therefore, he is not entitled to any prior custody credit. <u>Id</u>. Respondent requests that the Court to deny Petitioner's request for relief because Petitioner's sentence had been correctly calculated. <u>Id</u>.

**C. Petitioner's Response**

The Petitioner did not file a response.

### III. Standard of Review

**A. Motion to Dismiss**

6

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002);

Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a

8

whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## IV. Analysis

### A. Primary Jurisdiction

A WHCAP is a "…mere loan [of] the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). A jail sentence does not begin to run when a prisoner is under the custody of a WHCAP. See Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir. 1992); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (finding that under writ, primary jurisdiction over the prisoner remained with the state until state authorities relinquished the prisoner to federal custody on satisfaction of the state obligation). Thus, the primary jurisdiction of a prisoner, state or federal, does not change when he or she is under a WHCAP.

Here, the Petitioner was borrowed on a WHCAP on April 17, 2012. Therefore, Petitioner remained in state custody from the time of his arrest until he completed his state sentence and was sentenced federally on March 5, 2015.

### B. Sentence Calculation

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The FBOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

9

18 U.S.C. § 3585(b) (emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Here, Petitioner's time spent incarcerated from April 15, 2014, until March 5, 2015, was credited to his state sentence. Petitioner started his federal sentence when it was imposed on the same day he completed his state sentence, March 5, 2015. To find so otherwise would be inconsistent with 18 U.S.C. § 3585(b), Wilson, Brown, and Goulden, because Petitioner would be receiving double credit for his detention time. This is because the time Petitioner spent incarcerated from April 15, 2014, until March 5, 2015, was credited towards his state sentence.

Petitioner wants credit on his federal sentence because his state sentence was suppose to run concurrent to any federal prison time. However, when "there [is] no overlap, the sentences cannot run concurrently." Cook v. Winn, 472 F. Supp. 2d 113, 115 (D. Mass. 2007). Petitioner's case is similar to Cook. On January 5, 2003, Cook was arrested on charges in the District of Columbia ("D.C.") to which he pled guilty. Id.

10

at 114. He received a 20 month sentence for his D.C. charges. Id. While serving his 20 month sentence, he was indicted on federal charges. Id. He pled guilty to the federal charges on March 3, 2004. Id. While awaiting sentencing for the federal charges, his D.C. sentence expired on July 13, 2004. Id. On September 15, 2004, he was sentenced on federal charges to 70 months of imprisonment to run concurrently with his D.C. sentence, even though his D.C. sentence had expired two months earlier. Id. The FBOP awarded Cook time served on his federal sentence from when his D.C. sentence expired on July 13, 2004. Id. at 114. The Court in Cook upheld the FBOP's sentencing calculation. Id. at 115.

Even though in Cook the federal sentence was the sentence to run concurrent as compared to Petitioner's state sentence, the result is still the same. 18 U.S.C. § 3585(b) "does not require the [F]BOP to credit the time Cook served pursuant to the D.C. sentence." Id. at 115. Petitioner's case is like Cook in that even though one of the sentences was to run concurrently with the other sentence, the sentences cannot run concurrently when there is no overlap of the sentences. Petitioner's state sentence could not run concurrently to any federal sentence, because Petitioner completed his state sentence before his federal sentence started. Because Petitioner started his federal sentence on the same day his state sentence concluded, the FBOP is correct in its sentence calculation.

### IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 8]** be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 27, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE